FILED
2012 Feb-22  AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## (NORTHEASTERN DIVISION)

| | | |
|---|---|---|
| SHANI LAFEVER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number:** |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., EQUIFAX | ) | |
| INFORMATION SERVICES, | ) | |
| LLC, TRANS UNION, LLC, | ) | |
| UNIVERSITY OF PHOENIX, | ) | |
| INC., PENNSYLVANIA HIGHER | ) | |
| EDUCATION ASSISTANCE | ) | |
| AGENCY, INC., d/b/a FED | ) | |
| LOAN SERVICING, | ) | |

**Defendants.**

## COMPLAINT

COMES NOW the plaintiff, SHANI LAFEVER, by and through her undersigned counsel, and for her complaint alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. ("Fair Credit Reporting Act" OR "FCRA"), and for negligence or wantonness.

1

## JURISDICTION & VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p and 28 U.S.C. §1367a.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4.     Plaintiff is resident of the state of Alabama and resides within this judicial district.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

6.     Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia.  Equifax does business in this judicial district.

7.     Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

8.     Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California.  Experian does business in this judicial district.

9.     Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

10.     Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois.  Trans Union does business in this judicial district.

11.     Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

12.     Experian, Equifax and Trans Union are referred to collectively as the "CRA Defendants."  Upon information and belief, the CRA Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

13.     Upon information and belief, the CRA defendants disburse consumer reports to third parties of contract for monetary compensation.

14.     University of Phoenix, Inc. ("Phoenix") is an Arizona corporation with its principal place of business in the state of Arizona.  Phoenix does business in this judicial district.     Phoenix is a "person" as contemplated by 15 U.S.C. §1681a(b).

15.     Pennsylvania Higher Education Assistance Agency, Inc. d/b/a Fed Loan Servicing ("Fed Loan") is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.  Fed Loan does business in this judicial district.

16.    Fed Loan is a "person" as contemplated by 15 U.S.C. §1681a(b).

17.  Fed Loan is in the business of furnishing consumer credit information to consumer reporting agencies ("CRAs"), including the CRA Defendants, and is a furnisher as contemplated by 15 USC 1681s-2.

18.    Fed Loan is a servicer of educational loans.

## FACTUAL ALLEGATIONS

19.    In or around March 2011, Fed Loan received an application for a loan in the name of "Shani Frazier."

20.    The application indicated that "Shani Frazier" was seeking financing for an educational program at Phoenix in or around Spring 2011.

21.    Phoenix did not reasonably verify the identity of the applicant.

22.    Fed Loan did not reasonably verify the identity of the applicant.

23.    The applicant was an impostor.

24.    The personal identifying information concerning the account purportedly concerned the Plaintiff; however, Plaintiff did not apply for financing with Phoenix.  Further, Plaintiff did not attend Phoenix or attempt to complete the educational program.  Plaintiff did not otherwise benefit from the transaction .

25.    Fed Loan verified the purpose of the loan and funded it by paying Phoenix for the educational program.

26.     After Fed Loan funded the loan, it began reporting the loan to the CRA Defendants with Plaintiff's personal identifiers.  Fed Loan reported to the CRA Defendants that Plaintiff was obligated to repay the loan.

27.     Thereafter, the CRA Defendants reported the loan to third parties when they provided consumer reports concerning the Plaintiff's personal identifiers.

28.     The CRA Defendants reported the school loans with the following trade lines FED LOAN SERV(Experian), FEDLOAN SERVICING (Trans Union) and AES/FED LOAN SERVIC (hereinafter referred to as "the disputed information" or "the Account").

29.     The Account is inaccurate because Plaintiff did not open the Account, or authorize the Account to be opened in her name.

30.     The Account incorrectly reflects on Plaintiff, her credit repayment history, financial responsibility as a debtor and her credit worthiness.

31.     Prior to filing her lawsuit, Plaintiff notified all of the defendants of the disputed information.

32.     Plaintiff also notified law enforcement, the Federal Trade Commission ("FTC"), and the Better Business Bureau of the disputed information.

33.     Despite Plaintiff's notice of the disputed information, Defendants have been reporting the Account through the issuance of false and inaccurate credit

information consumer reports that they have disseminated to various persons and credit grantors.

34.     Plaintiff disputed the Account to Phoenix.  Phoenix stated to Plaintiff, in writing, "your debt totaling $2,921.80 is valid and remains due."  Plaintiff provided Phoenix with a notarized fraud affidavit and an identity theft report. Phoenix did not respond to Plaintiff after receipt of the foregoing information or contact law enforcement to request additional information concerning Plaintiff's dispute.   Phoenix received Pell monies related to the impostor's enrollment at Phoenix.  After receipt of the disputed information, Phoenix did not notify the Department of Education that the Account was opened by an impostor.

35.     Plaintiff disputed the Account to Fed Loan.  Plaintiff provided Fed Loan with a notarized fraud affidavit and identity theft report.  Fed Loan did not notify Plaintiff after receipt of the foregoing information or contact law enforcement or Phoenix to request additional information concerning Plaintiff's dispute.  As of the date of filing the instant lawsuit, Fed Loan has not determined whether the plaintiff is obligated to repay the Account.

36.     Plaintiff requested, in writing, Fed Loan to provide her with the Account application or promissory note(s); copies of the disbursement check(s); or, any additional documentation concerning the Account, including documents from Phoenix.  Fed Loan did not provide Plaintiff with the requested information.

6

37.   Plaintiff notified Equifax of her dispute concerning the Account. Plaintiff requested Equifax to provide her with a free consumer disclosure. Thereafter, Equifax notified Plaintiff twelve (12) times that she needed to provide Equifax with additional identifying information to: locate her credit file; or, continue to process her dispute.   Plaintiff supplied the requested identifying information to Equifax on numerous occasions.   Equifax received Plaintiff's identifying information.   Equifax did not investigate the information disputed by Plaintiff. Equifax did not provide Plaintiff with her consumer disclosure after receipt of her additional identifying information.   Equifax did not provide Plaintiff with the results of its investigation concerning the Account.

38.   Plaintiff notified Trans Union of her dispute concerning the Account. Plaintiff requested a free consumer disclosure from Trans Union.   Trans Union requested additional identifying information from Plaintiff.   Plaintiff provided Trans Union with additional identifying documents and an identity theft report. Trans Union received Plaintiff's additional identifying information and an identity theft report from Plaintiff.   Upon information and belief, Trans Union blocked the Account, but did not do so in a timely manner.   Trans Union did not provide Plaintiff with her consumer disclosure after receipt of her additional identifying documents and her request for a free consumer disclosure.   Trans Union did not provide Plaintiff with the investigation results concerning the Account.

39.     Plaintiff notified Experian of her dispute concerning the Account. Plaintiff requested a free consumer disclosure from Experian. Experian placed a fraud alert on the plaintiff's file. Experian referred the fraud alert to the other CRA Defendants. Plaintiff provided Experian with an identity theft report. Experian received Plaintiff's dispute concerning the Account. Experian received an identity theft report from Plaintiff. Experian notified Plaintiff that the identity theft report provided to Experian by Plaintiff did "not meet the guidelines established by the Fair Credit Reporting Act; therefore, we are unable to honor your request to block information." Further, Experian notified Plaintiff that "we are unable to honor your [reinvestigation] request" because Plaintiff did not "indicate the specific item" she is disputing. Experian did not investigate Plaintiff's dispute, provide her with the investigation results and a consumer disclosure or block the Account in a timely manner.

40.     At all times relevant hereto, the CRA Defendants notified one another of Plaintiff's fraud claims.

41.     The CRA Defendants published and disseminated consumer reports concerning Plaintiff's personal identifying information and the Account to third parties after receipt of her disputes concerning the Account. At least one of those consumer reports included the disputed information.

42. The CRA Defendants failed to block the disputed information from appearing in the Plaintiff's file.

43. The CRA defendants did not notify the furnisher of the disputed information that: the information may be the result of identity theft; an identity theft report has been filed; a block of the disputed information has been requested; and the effective dates of the block.

44. Alternatively, other than a one-page Automated Consumer Dispute Verification ("ACDV") form or a Consumer Dispute Verification ("CDV") form, the CRA Defendants did not send any other relevant information concerning Plaintiff's dispute to the furnisher of the disputed information.

45. The CRA Defendants did not perform a reasonable investigation for each of the plaintiff's disputes.

46. The CRA Defendants did not remove the inaccurate information or Defendants failed to note the disputed status of the inaccurate information, or both.

47. The CRA Defendants declined to block the Account.

48. Fed Loan did not perform a reasonable and timely investigation of the disputed information after receiving notice of the disputed information from the CRA Defendants, or Plaintiff, or both.

49. Phoenix failed to perform a reasonable investigation of the disputed information.

50.    Upon information and belief, the FTC made Plaintiff's complaint available to the CRA Defendants and Tri-Bureau Initiatives.

51.    Tri-Bureau Initiatives receives information concerning the accuracy of information reported by Experian, Equifax and Trans Union.

52.    Upon information and belief, the FTC made Plaintiff's complaint available to Fed Loan or Phoenix, or both.

53.    Defendants continue to report the Account to third parties.

54.    Upon information and belief, the CRA Defendants (or their agents) received information referring or related to the accuracy of information supplied by the source of the disputed information in the two years preceding the date of Plaintiff's lawsuit.

55.    The defendants have received information from third parties, including but not limited to the FTC, Central Source and the Better Business Bureau, concerning consumer comments or complaints in the two years preceding the date of Plaintiff's lawsuit.

56.    Defendants' conduct proximately caused Plaintiff's injuries, including but not limited to: reduction in PELL monies, harm to credit reputation; denial of credit; harm to her credit score; emotional distress and mental anguish; and out-of-pocket expenses.

57.    At all times relevant hereto, Defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendants.

58.    At all times relevant hereto, Defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

59.    During the twelve months preceding the filing of Plaintiff's lawsuit, Fed Loan did not identify the Account as disputed to the CRA Defendants.

60.    Upon information and belief, Experian and Equifax continue to report the disputed information as of the date of Plaintiff's Complaint.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT (ALL CRA DEFENDANTS)

61.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

62.  Equifax, Experian and Trans Union are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §1681n and o.

63.    The CRA defendants violated 15 USC §1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all

relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

64.    The CRA defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

65.    The CRA defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

66.    Wherefore, Plaintiff seeks judgment in her favor against the CRA defendants, based on the following relief requested:

      (a)    Actual damages;

      (b)    Statutory damages;

      (c)    Punitive Damages;

      (d)    Costs and reasonable attorneys' fees; and

      (e)    Such other and further relief as may be necessary, just and proper.

## COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT (ALL CRA DEFENDANTS)

67.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

68.     The CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681c-2, pursuant to 15 U.S.C. § 1681n and o.

69.     The CRA Defendants did not block the Account in Plaintiff's file within four (4) business days of receipt of Plaintiff's proof of identification, a copy of an identity theft report, the disputed information and a statement from Plaintiff that the Account did not concern a transaction by the plaintiff.

70.     Further, the CRA Defendants did not notify the furnisher of the disputed information in compliance with 15 U.S.C. § 1681c-2(b).

71.     Alternatively, the CRA Defendants notified the furnisher of the disputed information, but did not notify the furnisher that: the disputed information may be the result of identity theft; an identity theft report has been filed; Plaintiff has requested a block; or the effective dates of the block.

72.     The CRA Defendants did not notify the plaintiff her request to block the disputed information was declined.

73.     The CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and actual damages as outlined above.

74.     The CRA Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

75.     Wherefore, Plaintiff seeks judgment in her favor against the CRA Defendants, based on the following relief requested:

      (a)     Actual damages;

      (b)     Statutory damages;

      (c)     Punitive Damages;

      (d)     Costs and reasonable attorneys' fees; and

      (e)     Such other and further relief as may be necessary, just and proper.

## COUNT 3 – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (FED LOAN)

76.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

77.     Experian, Equifax or Trans Union, or all of the CRA Defendants, notified Fed Loan of Plaintiff's dispute concerning the Account.

78.     Fed Loan verified Plaintiff is the owner of the Account to Experian, Equifax or Trans Union, or all of the CRA Defendants, on at least one occasion, and continued to report the disputed information.

79.     Fed Loan verified to the CRA Defendants that Plaintiff is legally obligated to pay the Account.

80.     Prior to the filing of the instant lawsuit, Fed Loan did not:

14

a.    contact any third parties regarding the disputed information or the status of the Account;

b.    contact any law enforcement agencies concerning the disputed information;

c.    contact Phoenix concerning the disputed information;

d.    review the Account application;

e.    review the identity theft report;

f.    review a consumer report concerning or related to the plaintiff's personal identifiers; or,

g.    perform any handwriting analysis of the underlying loan documents concerning the ownership of the Account.

81.    Fed Loan did not contact Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's dispute after receipt of a fraud affidavit and an identity theft report from the plaintiff.

82.    Other than its response to the ACDVs, Fed Loan did not forward any other information concerning the disputed information to each of the CRA Defendants.

83.    Fed Loan violated 15 U.S.C. §1681s-2(b). Specifically, Fed Loan failed to: conduct a reasonable investigation, timely, or otherwise, with respect to the disputed information provided to it by each of the CRA Defendants; review the

disputed information provided by the CRA Defendants and all other relevant information about the Account, including, but not limited to the identity theft report, fraud affidavit and the Account application; report the results of its investigation to the CRA Defendants that the Account information was inaccurate; report the results of its investigation to the CRA Defendants; and modify, delete or permanently block the reporting of the Account.

84.  Upon information and belief, Fed Loan continued to report the disputed information to the CRA Defendants more than forty-five (45) days after notice of Plaintiff's dispute from the CRA Defendants.

85.   At all times relevant hereto,

     a.   Fed Loan supplied information concerning Plaintiff to the CRA Defendants using the Metro 2 system;

     b.   Fed Loan used the E-OSCAR system;

     c.   Fed Loan had notice of the disputed information before Fed Loan received notice of the disputed information from the CRA Defendants;

     d.   Phoenix notified Fed Loan that Plaintiff disputed the Account before Fed Loan received notice of the disputed information from the CRA Defendants; and

16

e.   Plaintiff notified Fed Loan of the disputed information before Fed Loan received notice of the disputed information from the CRA Defendants.

86.   Alternatively, Fed Loan had notice of the fraudulent Account after it received notice of dispute from the CRA Defendants, Phoenix or Plaintiff, or both.

87.   Fed Loan had notice of the disputed information before Plaintiff filed her lawsuit.

88.   Fed Loan deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of Plaintiff's disputes.

89.   Fed Loan's conduct proximately caused Plaintiff's injuries as outlined above.

90.   Fed Loan is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act's requirements imposed on furnishers of information, pursuant to 15 U.S.C. §1681n and o.

91.   Fed Loan is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

92.   Wherefore, Plaintiff seeks judgment in her favor against Fed Loan, based on the following relief requested:

(a)   Actual damages;

(b)   Statutory damages;

(c)     Punitive Damages;

(d)     Costs and reasonable attorneys' fees; and

(e)     Such other and further relief as may be necessary, just and proper.

## COUNT 4 – NEGLIGENCE OR WANTONNESS
## (FED LOAN & PHOENIX)

93.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

94.     Fed Loan and Phoenix owed Plaintiff a duty not to open or fund student loans using Plaintiff's personal identifying information without the knowledge or authority of Plaintiff.  Further, said defendants had a duty to have and follow proper procedures to verify the accuracy of personal identifying information provided by the alleged applicant before authorizing a loan and approving any loans to such applicant or otherwise opening the Account.

95.     Said defendants breached the aforementioned duties to Plaintiff.

96.     Further, said defendants failed to follows reasonable and proper procedures in opening, approving, funding and disbursing funds for the Account.

97.     As a result of breaches by Fed Loan and Phoenix, Plaintiff has been caused to suffer damages as outlined above.

98.     Wherefore, Plaintiff seeks judgment in her favor against Fed Loan and Phoenix, jointly and severally, based on the following relief requested:

     (a)    Compensatory damages;

     (b)    Punitive Damages;

     (d)    Costs; and

     (e)    Such other and further relief as may be necessary, just and proper.

### COUNT 5 – NEGLIGENT OR WANTON HIRING, SUPERVISION, TRAINING AND/OR RETENTION
### (PHOENIX)

99.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

100.    Phoenix owed a duty to Plaintiff to exercise reasonable care in: hiring; supervising; training; and retaining its employees.

101.    Phoenix breached said duties when Phoenix negligently or wantonly hired, trained, supervise and retained the employee(s) who opened the Account, or failed to properly investigate the disputed information, or both.

102.    As a result of Phoenix's negligent or wanton hiring, supervision, training, and retention, Plaintiff's identifying information was used to open the Account by an impostor and without Plaintiff's authorization or permission. Further, as a result of Phoenix's negligent or wanton hiring, supervision, training, and retention, Fed Loan and the CRA Defendants were not notified by Phoenix that the Account was opened by an impostor.

103.   Phoenix's acts or omissions, proximately caused Plaintiff to suffer damages as outlined above.

104.   Wherefore, Plaintiff seeks judgment in her favor against Fed Loan, based on the following relief requested:

      (a)   Compensatory damages;

      (b)   Punitive Damages;

      (d)   Costs; and

      (e)   Such other and further relief as may be necessary, just and proper.

**COUNT 6 – VIOLATION OF TH FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(CRA DEFENDANTS)**

105.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

106.   The CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681e, pursuant to 15 U.S.C. §1681n and o.

107.   The CRA defendants violated 15 USC §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

20

108.   The CRA defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

109.   The CRA defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

110.   Wherefore, Plaintiff seeks judgment in her favor against three CRA defendants, based on the following relief requested:

     (a)    Actual damages;

     (b)    Statutory damages;

     (c)    Punitive Damages;

     (d)    Costs and reasonable attorneys' fees; and

     (e)    Such other and further relief as may be necessary, just and proper.

## COUNT 7 – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (CRA DEFENDANTS)

111.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

112.   The CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681c-1, pursuant to 15 U.S.C. §1681n and o.

113.   At all times relevant hereto, Plaintiff requested and the CRA Defendants included a fraud alert in her file.

114.   Plaintiff requested her free consumer disclosure because of fraud or identity theft, or both, from Experian, Equifax and Trans Union.

115.   Plaintiff provided the CRA Defendants with proof of her identification.

116.   The CRA Defendants did not send Plaintiff her consumer disclosure within three (3) business days or receipt of each of her requests for the disclosure.

117.   Wherefore, Plaintiff seeks judgment in her favor against the CRA Defendants based on the following relief requested:

    (a)   Actual damages;

    (b)   Statutory damages;

    (c)   Punitive Damages;

    (d)   Costs and reasonable attorneys' fees; and

    (e)   Such other and further relief as may be necessary, just and proper.

## COUNT 8 – FRAUD
## (FED LOAN)

118.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

119.   On or about October 8, 2011, Fed Loan represented to Plaintiff, *inter alia*, that Plaintiff needed to take action "to pursue [her] allegation of identity theft/forgery for a student loan(s) in [her] name.  Fed Loan represented to Plaintiff

that if she supplied Fed Loan with a completed affidavit, supporting documents and a police report Fed Loan would review it and cease credit reporting of the disputed account(s) within fifteen (15) days of receipt.

120.   In reasonable reliance on Fed Loan's representations, Plaintiff supplied Fed Loan by Certified Mail the notarized Identity Theft Report, including the requested documents, five (5) notarized signatures and a police report.  Further, in reliance on Fed Loan's representations, Plaintiff did not undertake additional actions to substantiate her claims to Fed Loan.

121.   Fed Loan knew these representations were false or recklessly made these representations to Plaintiff.   Alternatively, Fed Loan innocently or mistakenly made the above-described representations to Plaintiff.

122.   Fed Loan received the requested information from Plaintiff.

123.   Fed Loan did not to review the identity theft report for completeness within fifteen (15) days of receipt of same.

124.   Fed Loan did not did not cease to report the Account to CRAs within fifteen (15) days of receipt of Plaintiff's Identity Theft Report and supporting documentation.

125.   As outlined above, Plaintiff's damages were proximately caused by Fed Loan's unlawful acts and omissions.

126.  Wherefore, Plaintiff seeks judgment in her favor against Fed Loan, based on the following relief requested:

      (a)    Compensatory damages;

      (b)    Punitive Damages;

      (d)    Costs; and

      (e)    Such other and further relief as may be necessary, just and proper.

## COUNT 9 – FRAUD
### (PHOENIX)

127.  Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

128.  On or about June 24, 2011, Phoenix represented to Plaintiff that Phoenix would further review Plaintiff's claim of identity theft upon receipt of an "ID Theft Affidavit."

129.  Phoenix represented to Plaintiff "as a part of this process, we will seek to verify the information you provide including any police reports filed."

130.  Phoenix represented to Plaintiff that Phoenix "will not be able to remove information from [Plaintiff's] credit report" until the "Affidavit and documentation" are returned to Phoenix and reviewed by Phoenix.

131.   Phoenix represented to Plaintiff that Phoenix will perform an "additional investigation and review" upon receipt of the "completed notarized Affidavit with accompanying information."

132.   Phoenix represented to Plaintiff that "[o]nce this investigation and review is completed, [Plaintiff] will be promptly notified of the outcome."

133.   In reasonable reliance on Phoenix's representations, Plaintiff supplied Phoenix with a notarized ID Theft Affidavit, police report and supported documentation by Certified Mail.

134.   In further reliance, Plaintiff did not take other actions to substantiate her claims to Phoenix.

135.   Phoenix did not further review Plaintiff's claim of identity theft upon receipt of the "ID Theft Affidavit."

136.   Phoenix did not seek to verify the information Plaintiff supplied, including the police report.

137.   Phoenix did not remove information from Plaintiff's credit report after receipt of the "Affidavit and documentation."

138.   Phoenix did not perform an "additional investigation and review" upon receipt of the "completed notarized Affidavit with accompanying information" from Plaintiff.

139. Alternatively, Phoenix did not promptly notify Plaintiff of its review and additional investigation.

140. Phoenix knew the above-described representations were false or recklessly made these representations to Plaintiff. Alternatively, Phoenix innocently or mistakenly made the above-described representations to Plaintiff.

141. As outlined above, Plaintiff's damages were proximately caused by Phoenix's unlawful acts and omissions.

142. Wherefore, Plaintiff seeks judgment in her favor against Phoenix, based on the following relief requested:

      (a)    Compensatory damages;

      (b)    Punitive Damages;

      (d)    Costs; and

      (e)    Such other and further relief as may be necessary, just and proper.

143. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205.747.1907
Facsimile: 205.930-9054
Email: madkins@bhflegal.com

26

**<u>Please serve Complaint and Summons on Defendants by Certified Mail to</u>**:

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

University of Phoenix, Inc.
c/o CSC Lawyers Incorporating Svc Inc
150 South Perry Street
Montgomery, AL 36104

Pennsylvania Higher Education Assistance Agency, Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104